FILED
2026 Aug-25 AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **REGIONS BANK,**<br>Plaintiff,<br>v.<br>**BENEDORTSE, LLC,**<br>Defendant. | Civil Action No. _____________<br>Jury Trial Demanded |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Regions Bank ("Regions") brings this Complaint for Declaratory Judgment against Defendant BenedorTSE, LLC ("Benedor") concerning Benedor's allegations that Regions' operations directly or indirectly infringe certain patents owned by Benedor. Regions alleges as follows:

**NATURE OF ACTION**

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*, and seeks a declaratory judgment concerning Benedor's allegations that Regions infringes certain of its patents, including U.S. Patents No. 8,260,723 (the "'723 Patent"), 8,463,713 (the "'713 Patent"), and 9,400,979 (the "'979 Patent") (collectively, the "Asserted Patents").

**THE PARTIES**

2. Plaintiff Regions is an Alabama state-chartered bank with its principal place of business in Birmingham, Alabama.

3. On information and belief, Defendant Benedor is a Delaware limited liability company with its principal place of business in Franklin, Tennessee.

4. On information and belief, Benedor has asserted that it possesses all rights in, including the right to enforce, the Asserted Patents.

5. On information and belief, Benedor does not practice the Asserted Patents.

**JURISDICTION AND VENUE**

6. Regions incorporates by reference the allegations in the preceding paragraphs.

7. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and includes claims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

8. This Court has subject-matter jurisdiction over this action because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. This Court can provide the declaratory relief sought in this action because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. Benedor has accused Regions of infringing the Asserted Patents and has indicated its intention to take the steps necessary to protect its alleged intellectual property rights. Regions denies that it infringes or has infringed the Asserted Patents.

10. Benedor's conduct has created a real, immediate, and justiciable dispute between the parties concerning whether Regions' operations infringe the Asserted Patents.

11. Benedor's conduct includes a series of communications asserting Regions is required to license the Asserted Patents, specific allegations that Regions infringes the '979 Patent, representations that Benedor intends to pursue litigation against companies that do not license its patent portfolio, a history of litigation by Benedor against other similarly situated entities, and a specific threat that it would sue Regions for patent infringement should Regions not engage in licensing discussions.

12. Since November 17, 2025, Benedor has filed at least four patent infringement actions asserting infringement of various combinations of the Asserted Patents. *See BenedorTSE, LLC v. Wells Fargo Bank, N.A.*, No. 3:25-cv-01335 (M.D. Tenn. Nov. 17, 2025) (alleging infringement of the '979 and '713 Patents); *BenedorTSE, LLC v. Apple Inc.*, No. 3:25-cv-01473 (M.D. Tenn. Dec. 19, 2025) (alleging infringement of the '979, '713, and '723 Patents); *BenedorTSE, LLC v. Google LLC*, No. 3:26-cv-00563 (M.D. Tenn. May 1, 2026) (alleging infringement of the '979, '713, and '723 Patents); and *BenedorTSE, LLC v. Samsung Electronics Co., Ltd. et al.*, No. 3:26-cv-00728 (M.D. Tenn. May 29, 2026) (alleging infringement of the '979, '713, and '723 Patents).

13. These actions reflect a pattern: Benedor first seeks to license its patents and then files suit in the Middle District of Tennessee when it does not reach a licensing resolution.

14. Benedor sought out Regions and attempted to engage it in patent-licensing discussions. In a letter dated May 28, 2026, for example, Benedor wrote to a Birmingham, Alabama based attorney who represents Regions in other matters and accused Regions of infringing the Asserted Patents.

15. The letter also included a claim chart alleging infringement of claim 19 of the '979 Patent based upon functionality identified in the Regions Mobile App. The letter also informed Regions that Benedor had filed infringement actions against Wells Fargo Bank, N.A., Apple Inc., and Google LLC, and that it intended promptly to file a complaint against Samsung. Copies of the complaints were enclosed. Regions' counsel directed Benedor on July 8, 2026 to direct future correspondence regarding these patent allegations to Regions' outside patent counsel.

16. On July 30, 2026, counsel for Benedor emailed counsel for Regions stating that Benedor has "filed four lawsuits and [] probably have a half dozen more tee'd up."

Re: BenedorTSE Patent Infringement Assertions Against Regions Bank

JW Jack Waddey <jack@waddeyacheson.com>
To Cook, Jason W.

Reply | Reply All | Forward

Thu 7/30/2026 3:58 PM

You forwarded this message on 7/30/2026 4:22 PM.

**EXTERNAL EMAIL; use caution with links and attachments**

Currently, there are no licenses. Lots of proposals out and waiting on responses. As you know, we have filed four lawsuits and we probably have a half dozen more tee'd up. Happy to discuss. That stuff would probably be discoverable (no concession here) if we went to litigation. And, I don't think we would have reservation about providing the information once some people have signed up.

The biggest discount is likely to go to the first signer; you might jump on it!

Jack Waddey I Shareholder
Reg. Pat. Attorney

The linked image cannot be displayed. The file may have been moved, renamed, or deleted. Verify that the link points to the correct file and location.

629.867.1811 Direct
615.481.2481 Cell
615.839.1100 Firm Main
jack@waddeyacheson.com
www.waddeyacheson.com
1030 16th Ave S.
Suite 300
Nashville, TN 37212

17. On August 12, 2026, a day after Benedor's counsel spoke with Regions' counsel, counsel for Benedor emailed counsel for Regions demanding that it engage in negotiations for a license to the Asserted Patents. Counsel for Benedor stated that unless Benedor received a response by August 26, 2026, Benedor would file a complaint.

18. Taken together, these facts reflect a pattern in which Benedor seeks patent licenses and, when those efforts are unsuccessful, files patent infringement litigation. These facts establish a substantial controversy between the parties with adverse legal interests that is sufficiently immediate and real to warrant declaratory relief. An actual and justiciable controversy therefore exists between the parties under 28 U.S.C. § 2201.

19. Although the May 28, 2026 correspondence charts only the '979 Patent, Regions reasonably believes that Benedor intends to assert all three Asserted Patents, because Benedor has asserted all three Asserted Patents against Apple Inc., Google LLC, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., alleging infringement of all three Asserted Patents and

against Wells Fargo on the '979 and '713 Patents. Furthermore, the May 28, 2026 correspondence contains an Exhibit A, a list of Benedor's patents, including each of the Asserted Patents.

20. This Court has general personal jurisdiction over Benedor because it has purposefully availed itself of the privileges of conducting business in the state of Alabama directing licensing and enforcement efforts with Alabama entities, including Regions. Benedor intentionally sought to license the Asserted Patents to Regions, directed infringement allegations related communications to Regions and its counsel in Alabama, and threatened litigation concerning Region's activities. Exercising personal jurisdiction over Benedor is consistent with due process.

21. Further, this Court has specific personal jurisdiction over Benedor because Regions' claims arise out of and relate to Benedor's purposeful enforcement and licensing conduct directed toward Regions, an Alabama-chartered bank headquartered in Birmingham. Benedor initiated contact with Regions, sent correspondence accusing Regions of infringing one or more of the Asserted Patents, provided a claim chart concerning Regions' Mobile App, sought a license to the Asserted Patents, and threatened to sue Regions if the parties did not reach a licensing resolution. By doing so, Benedor purposefully directed enforcement activity at an Alabama resident, and exercising personal jurisdiction over Benedor is consistent with due process.

22. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this district. Regions is an Alabama-chartered bank headquartered in Birmingham. Benedor initiated contact with Regions, sent correspondence accusing Regions of infringing one or more of the Asserted Patents, provided a claim chart concerning Regions' Mobile App, sought a license to the Asserted Patents, and threatened to sue Regions if the parties did not reach a licensing resolution. Benedor's enforcement

conduct was directed toward Regions in this District and created the present controversy here, where Regions is headquartered and conducts its business, including substantial portions of the development and hosting of its Regions Mobile App.

## THE ASSERTED PATENTS

23. Regions incorporates by reference the allegations in the preceding paragraphs.

24. The ’723 Patent is titled “Transactional Security Over a Network.” The ’723 Patent issued on September 4, 2012, and names Richard F. Carrott as the sole inventor. Upon information and belief, the ’723 Patent is currently assigned to Benedor. A true and correct copy of the ’723 Patent is attached hereto as **Exhibit 1**.

25. The ’713 Patent is titled “Transactional Security Over a Network.” The ’713 Patent issued on June 11, 2013, and names Richard F. Carrott as the sole inventor. Upon information and belief, the ’713 Patent is currently assigned to Benedor. A true and correct copy of the ’713 Patent is attached hereto as **Exhibit 2**.

26. The ’979 Patent is titled “Transactional Security Over a Network.” The ’979 Patent issued on July 26, 2016, and names Richard F. Carrott as the sole inventor. The ’979 Patent is currently assigned to Benedor. A true and correct copy of the ’979 Patent is attached hereto as **Exhibit 3**.

## COUNT I: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’723 PATENT

27. Regions incorporates by reference the allegations in the preceding paragraphs.

28. Benedor has indicated that, absent license, it intends to enforce its intellectual property rights against Regions, including the ’723 Patent.

29. Regions reasonably believes that Benedor intends to assert that Regions infringes one or more claims of the ’723 Patent against Regions.

30. As a result, there is an actual, justiciable, and immediate controversy between Regions and Benedor regarding whether Regions has infringed and/or continues to infringe the ’723 Patent. This controversy is of sufficient immediacy and reality to warrant declaratory relief.

31. Regions does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner which infringes the ’723 Patent.

32. Regions does not infringe claim 1 of the ’723 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 1 of the ’723 patent:

- “based on said determining whether said password is valid, reading a plurality of hardware identifiers from hardware of said electronic device, by said processor, said plurality of hardware identifiers comprising at least a portion of a serial number of at least one hardware component of said electronic device;” ’723 Patent at claim 1.
- “determining whether said plurality of hardware identifiers are valid, by said processor by comparing said read hardware identifiers with a list of permitted hardware identifiers;” *Id.*
- “based on said determining of whether said plurality of hardware identifiers are valid, retrieving a customer identifier string from a storage media of said electronic device, by said processor;” *Id.*
- “creating an encrypted customer code by encrypting said customer identifier string, said plurality of hardware identifiers, and said count value, by said processor; and” *Id.*

- "transmitting said encrypted customer code to a merchant in a purchase transaction over a computer network, instead of customer credit card information, by an input and output device of said electronic device," *Id*.

33. Regions does not infringe claim 7 of the '723 Patent because Regions does not make, use, sell, offer for sale, or import into the United States any non-transitory computer storage medium storing instructions that performs the following elements of independent claim 7 of the '723 Patent:

- "based on said determining whether said password is valid, reading a plurality of hardware identifiers from hardware of said electronic device, said plurality of hardware identifiers comprising at least a portion of a serial number of at least one hardware component of said electronic device:" '723 Patent at claim 7.
- "determining whether said plurality of hardware identifiers are valid by comparing said read hardware identifiers with a list of permitted hardware identifiers;" *Id*.
- "based on said determining of whether said plurality of hardware identifiers are valid, retrieving a customer identifier string from a storage media of said electronic device;" *Id*.
- "creating an encrypted customer code by encrypting said customer identifier string, said plurality of hardware identifiers, and said count value;" *Id*.
- "transmitting said encrypted customer code to a merchant in a purchase transaction instead of customer credit card information;" *Id*.

34. Regions does not infringe claim 12 of the '723 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 12 of the '723 patent:

- "based on said determining whether said password is valid, reading a plurality of hardware identifiers from hardware of said electronic device, by said processor, said plurality of hardware identifiers comprising at least a portion of a serial number of at least one of a motherboard, a hard drive, and said processor of said electronic device;" '723 Patent at claim 12.
- "determining whether said plurality of hardware identifiers are valid, by said processor by comparing said read hardware identifiers with a list of permitted hardware identifiers;" *Id.*
- "based on said determining of whether said plurality of hardware identifiers are valid, retrieving a customer identifier string from a storage media of said electronic device, by said processor;" *Id.*
- "creating an encrypted customer code by encrypting said customer identifier string, said plurality of hardware identifiers, and said count value, by said processor; and" *Id.*
- "transmitting said encrypted customer code to a merchant in a purchase transaction over a computer network, instead of customer credit card information, by an input and output device of said electronic device," *Id.*

35. Regions does not infringe claim 17 of the '723 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 17 of the '723 patent:

- "based on said determining whether said password is valid, reading a plurality of hardware identifiers from hardware of said electronic device, by said processor, said plurality of hardware identifiers comprising at least a portion of a serial number

of at least one of a motherboard, a hard drive, and said processor of said electronic device;" '723 Patent at claim 17.

- "determining whether said plurality of hardware identifiers are valid, by said processor by comparing said read hardware identifiers with a list of permitted hardware identifiers;" *Id*.
- "based on said determining of whether said plurality of hardware identifiers are valid, retrieving a customer identifier string from a storage media of said electronic device, by said processor;" *Id*.
- "creating an encrypted customer code by encrypting only said customer identifier string, said plurality of hardware identifiers, and said count value, by said processor; and" *Id*.
- "transmitting said encrypted customer code to a merchant in a purchase transaction over a computer network, instead of customer credit card information, by an input and output device of said electronic device," *Id*.

36. As none of the independent claims of the '723 Patent are infringed by Regions (claims 1, 7, 12, and 17), none of the dependent claims can be infringed as a matter of law.

37. Further, Regions does not practice, and does not direct or control the performance of, each and every step of the method claims in the '723 Patent as required for infringement. *See, e.g.*, '723 Patent, claims 1–6, 12–21. The asserted method claims require actions allegedly performed by users, user-operated devices, and other entities, and Regions neither performs nor directs the performance of all claimed steps as required for infringement.

38. Regions does not directly infringe the '723 Patent, either literally or under the doctrine of equivalents.

39. Likewise, Regions does not induce others to infringe the ’723 Patent or otherwise contribute to infringement of the ’723 Patent.

40. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Regions seeks a declaration that it (including through its use of the Regions Mobile App) does not infringe and has not infringed, any valid, enforceable claim of the ’723 Patent whether directly, jointly contributorily, by inducement, or otherwise.

**COUNT II: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’713 PATENT**

41. Regions incorporates by reference the allegations in the preceding paragraphs.

42. Benedor has indicated that, absent license, it intends to enforce its intellectual property rights against Regions, including the ’713 Patent.

43. Regions reasonably believes that Benedor intends to assert that Regions infringes one or more claims of the ’713 Patent against Regions.

44. As a result, there is an actual, justiciable, and immediate controversy between Regions and Benedor regarding whether Regions infringes or infringed the ’713 Patent. This controversy is of sufficient immediacy and reality to warrant declaratory relief.

45. Regions does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product and/or system in a manner which infringes the ’713 Patent.

46. Regions does not infringe claim 1 of the ’713 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 1 of the ’713 Patent:

- “creating, by said verification entity, a user agreement identifier that identifies said agreement and identifies said user;” ’713 Patent at claim 1.

- "downloading a software application from said verification entity and said user agreement identifier over a computer network to an input and output device of a computerized device associated with said user;" *Id.*
- "using, by a processor of said computerized device, said software application to store at least one permitted password, at least one user identifier string, permitted hardware identifiers, and said agreement identifier in a storage media of said computerized device;" *Id.*
- "based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;" *Id.*
- "creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier, each said encrypted code being valid only for a single request for an authorization decision;" *Id.*
- "transmitting, by said input and output device of said computerized device, said encrypted user code to a provider in a request for an authorization decision over a computer network, said encrypted user code being sent by said provider to said verification entity for an authorization decision;" *Id.*

47. Regions does not infringe claim 7 of the '713 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 7 of the '713 Patent:

- "storing at least one permitted password, at least one user identifier string, permitted hardware identifiers, and a user agreement identifier that identifies an agreement between a user and a verification entity in a storage media of an computerized device operated by said user;" '713 Patent at claim 7.

- "transmitting said user identifier string, said permitted hardware identifiers, and personal payment information of said user to said verification entity, using an input and output device of said computerized device;" *Id.*
- "based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;" *Id.*
- "determining, by said processor, whether said hardware identifier is valid based on whether said hardware identifier matches one of said permitted hardware identifiers;" *Id.*
- "based on said hardware identifier being valid, retrieving, by said processor, said user agreement identifier from said storage media of said computerized device;" *Id.*
- "creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier, each said encrypted code being valid only for a single request for an authorization decision;" *Id.*
- "transmitting, by said input and output device of said computerized device, said encrypted user code to a provider in a request for an authorization decision over a computer network, said encrypted user code being sent by said provider to said verification entity for an authorization decision;" *Id.*

48. Regions does not infringe claim 13 of the '713 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 13 of the '713 Patent:

- "based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;" '713 Patent at claim 13.

- "determining, by said processor, whether said hardware identifier is valid based on whether said hardware identifier matches at least one permitted hardware identifier;" *Id.*
- "based on said hardware identifier being valid, retrieving, by said processor, a user agreement identifier from a storage media of said computerized device, said user agreement identifier identifying an agreement between said user and a verification entity;" *Id.*
- "creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier, each said encrypted code being valid only for a single request for an authorization decision;" *Id.*
- "transmitting, by an input and output device of said computerized device, said encrypted user code to a provider in a request for an authorization decision over a computer network, said encrypted user code being sent by said provider to said verification entity for an authorization decision;" *Id.*

49. Regions does not infringe claim 19 of the '713 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 19 of the '713 Patent:

- "based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;" '713 Patent at claim 19.
- "determining, by said processor, whether said hardware identifier is valid based on whether said hardware identifier matches a permitted hardware identifier stored in said storage media;" *Id.*

- "based on said hardware identifier being valid, retrieving, by said processor, a user agreement identifier from said storage media, said agreement identifier identifying an agreement between said user and a verification entity;" *Id.*
- "based on said hardware identifier being valid, incrementing a count value to produce a different count value each time said count value is incremented, using said processor;" *Id.*
- "creating, by said processor, an encrypted code by encrypting said count value, said user agreement identifier, and said hardware identifier, each said encrypted code being valid only for a single request for an authorization decision;" *Id.*
- "transmitting, by an input and output device of said computerized device, said encrypted code to a provider in an request for an authorization decision over a computer network, said encrypted code being sent by said provider to said verification entity for an authorization decision;" *Id.*

50. Regions does not infringe claim 25 of the '713 Patent because Regions does not make, use, sell, offer for sale, or import into the United States any non-transitory readable computer storage medium storing instructions that perform the following elements of independent claim 25 of the '713 Patent:

- "storing at least one permitted password, at least one user identifier string, permitted hardware identifiers, and a user agreement identifier that identifies an agreement between a user and a verification entity in a storage media of an [sic] computerized device operated by said user;" '713 Patent at claim 25.

- "transmitting said user identifier string, said permitted hardware identifiers, and personal payment information of said user to said verification entity, using an input and output device of said computerized device;" *Id.*
- "based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;" *Id.*
- "determining, by said processor, whether said hardware identifier is valid based on whether said hardware identifier matches one of said permitted hardware identifiers;" *Id.*
- "based on said hardware identifier being valid, retrieving, by said processor, said user agreement identifier from said storage media of said computerized device;" *Id.*
- "creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier, each said encrypted code being valid only for a single request for an authorization decision;" *Id.*
- "transmitting, by said input and output device of said computerized device, said encrypted user code to a provider in a request for an authorization decision over a computer network, said encrypted user code being sent by said provider to said verification entity for an authorization decision;" *Id.*

51. Regions does not infringe claim 31 of the '713 Patent because Regions does not make, use, sell, offer for sale, or import into the United States any computerized device that performs the following elements of independent claim 31 of the '713 Patent:

- "a non-transitory storage media device storing at least one permitted password, at least one user identifier string, permitted hardware identifiers, and a user agreement

identifier that identifies an agreement between a user operating said computerized device and a verification entity; ’713 Patent at claim 31.

- “an input and output device operatively connected to said storage media device, said input and output device transmitting said user identifier string, said permitted hardware identifiers, and personal payment information of said user to said verification entity;” *Id.*
- “a graphic user interface operatively connected to said storage media device, said graphic user interface receiving an entered password from said user;” *Id.*
- “based on said password being valid, said processor reading a hardware identifier from hardware of said computerized device,” *Id.*
- “said processor determining whether said hardware identifier is valid based on whether said hardware identifier matches one of said permitted hardware identifiers,” *Id.*
- “based on said hardware identifier being valid, said processor retrieving said user agreement identifier from said storage media of said computerized device,” *Id.*
- “said processor creating an encrypted user code by encrypting said user agreement identifier and said hardware identifier,” *Id.*
- “said input and output device transmitting said encrypted user code to a provider in a request for an authorization decision over a computer network,” *Id.*

52. As none of the independent claims of the ’713 Patent are infringed by Regions (claims 1, 7, 13, 19, 25 and 31), none of the dependent claims can be infringed as a matter of law.

53. Further, Regions does not practice, and does not direct or control the performance of, each and every step of the method claims in the ’713 Patent as required for infringement. *See,*

*e.g.*, ’713 Patent, claims 1–24. The asserted method claims require actions allegedly performed by users, user-operated devices, and other entities, and Regions neither performs nor directs the performance of all claimed steps as required for infringement.

54. Regions does not directly infringe the ’713 Patent, either literally or under the doctrine of equivalents.

55. Likewise, there is no direct infringement, Regions does not induce infringement of the ’713 Patent or otherwise contribute to infringement of the ’713 Patent.

56. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Regions seeks a declaration that it (including through its use of the Regions Mobile App) does not infringe and has not infringed, any valid, enforceable claim of the ’713 Patent whether directly, jointly contributorily, by inducement, or otherwise.

**COUNT III: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’979 PATENT**

57. Regions incorporates by reference the allegations in the preceding paragraphs.

58. Benedor has indicated that, absent license, it intends to enforce its intellectual property rights against Regions, including the ’979 Patent.

59. Benedor has alleged that the Regions Mobile App infringes one or more claims of the ’979 Patent, including at least claim 19 of the ’979 Patent.

60. As a result, there is an actual, justiciable, and immediate controversy between Regions and Benedor regarding whether Regions infringes or infringed the ’979 Patent. This controversy is of sufficient immediacy and reality to warrant declaratory relief.

61. Regions does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner which infringes the ’979 Patent.

62. Regions does not infringe claim 1 of the ’979 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 1 of the ’979 Patent:

- “based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;” ’979 Patent at claim 1.
- “determining, by said processor, whether said hardware identifier is valid;” *Id.*
- “based on at least one of said password being valid and said hardware identifier being valid, retrieving, by said processor, a user agreement identifier that identifies said user from a storage media of said computerized device;” *Id.*
- “creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier;” *Id.*
- “transmitting, by an input and output device of said computerized device, said encrypted user code to a provider in a transaction request for a transaction authorization decision over a computer network;” *Id.*

63. Regions does not infringe claim 7 of the ’979 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 7 of the ’979 Patent:

- “based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;” ’979 Patent at claim 7.
- “determining, by said processor, whether said hardware identifier is valid based on whether said hardware identifier matches at least one permitted hardware identifier;” *Id.*

- “based on said hardware identifier being valid, retrieving, by said processor, a user agreement identifier from a storage media of said computerized device, said user agreement identifier identifying said user;” *Id.*
- “creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier, each said encrypted user code being valid only for a single request for an authorization decision;” *Id.*
- “transmitting, by an input and output device of said computerized device, said encrypted user code to a provider in a transaction request for a transaction authorization decision over a computer network, said encrypted user code being sent by said provider to a verification entity for said transaction authorization decision;” *Id.*

64. Regions does not infringe claim 13 of the ’979 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 13 of the ’979 Patent:

- “based on said password being valid, reading, by said processor, a hardware identifier from hardware of said computerized device;” ’979 Patent at claim 13.
- “determining, by said processor, whether said hardware identifier is valid based on whether said hardware identifier matches at least one permitted hardware identifier;” *Id.*
- “based on at least one of said password being valid and said hardware identifier being valid, retrieving, by said processor, a user identifier that identifies said user from a storage media of said computerized device;” *Id.*

- "creating, by said processor, an encrypted user code by encrypting said user identifier and said hardware identifier;" *Id.*
- "transmitting, by an input and output device of said computerized device, said encrypted user code to a provider in a transaction request for a transaction authorization decision over a computer network, said encrypted user code being sent by said provider to a verification entity for said transaction authorization decision;" *Id.*

65. Regions does not infringe claim 19 of the '979 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 19 of the '979 Patent:

- "reading, by a processor, a hardware identifier from hardware of a computerized device;" '979 Patent at claim 19.
- "determining, by said processor, whether said hardware identifier is valid;" *Id.*
- "based on said hardware identifier being valid, retrieving, by said processor, a user agreement identifier that identifies a user from a storage media of said computerized device;" *Id.*
- "creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier;" *Id.*
- "transmitting, by an input and output device of said computerized device, said encrypted user code to a provider in a transaction request for a transaction authorization decision over a computer network;" *Id.*

66. Regions does not infringe claim 25 of the ’979 Patent at least because neither Regions nor the use of the Regions Mobile App performs the following method steps of independent claim 25 of the ’979 Patent:

- “reading, by a processor, a hardware identifier from hardware of a computerized device;” ’979 Patent at claim 25.
- “determining, by said processor, whether said hardware identifier is valid;” *Id.*
- “based on said hardware identifier being valid, retrieving, by said processor, a user agreement identifier from a storage media of said computerized device, said user agreement identifier identifying an agreement between a user and a verification entity;” *Id.*
- “creating, by said processor, an encrypted user code by encrypting said user agreement identifier and said hardware identifier, each said encrypted user code being valid only for a single request for an authorization decision;” *Id.*
- “transmitting, by an input and output device of said computerized device, said encrypted user code to a provider in a transaction request for a transaction authorization decision over a computer network, said encrypted user code being sent by said provider to said verification entity for said transaction authorization decision;” *Id.*

67. As none of the independent claims of the ‘979 Patent are infringed by Regions (claims 1, 7, 13, 19, and 25), none of the dependent claims can be infringed as a matter of law.

68. Further, Regions does not practice, and does not direct or control the performance of, each and every step of the method claims in the ’979 Patent as required for infringement. *See, e.g.*, ’979 Patent, claims 1–30. The asserted method claims require actions allegedly performed by

users, user-operated devices, and other entities, and Regions neither performs nor directs the performance of all claimed steps as required for infringement.

69. Regions does not directly infringe the ’979 Patent, either literally or under the doctrine of equivalents.

70. Likewise, because there is no direct infringement, Regions does not induce infringement of the ’979 Patent or otherwise contribute to infringement of the ’979 Patent.

71. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Regions seeks a declaration that it (including through its use of the Regions Mobile App) does not infringe and has not infringed, any valid, enforceable claim of the ’979 Patent whether directly, jointly contributorily, by inducement, or otherwise.

**DEMAND FOR JURY TRIAL**

72. Regions demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

**WHEREFORE**, Regions respectfully requests a declaratory judgment against Benedor as follows:

A. A declaration that Regions does not infringe and has not infringed, the ’723 Patent whether directly, jointly, contributorily, by inducement, or otherwise;

B. A declaration that Regions does not infringe and has not infringed, the ’713 Patent whether directly, jointly, contributorily, by inducement, or otherwise;

C. A declaration that Regions does not infringe and has not infringed, the ’979 Patent whether directly, jointly, contributorily, by inducement, or otherwise;

D. Judgment in favor of Regions and against Benedor on Regions’ claims;

E. A permanent injunction restraining Benedor, and its respective officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with

them, from asserting the Asserted Patents against Regions under any subsection of 35 U.S.C. § 271;

F. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, thereby entitling Regions to a recovery of its costs, including reasonable attorneys' fees under 35 U.S.C. 285 and all other applicable statutes, rules, and common law, including this Court's inherent authority;

G. Any such other and further relief as the Court finds just and proper.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Robert H. Fowlkes*

**MAYNARD NEXSEN PC**

Robert H. Fowlkes (Bar No. 2361R43F)
**MAYNARD NEXSEN PC**
1901 Sixth Avenue N., Suite 1700
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Fax: (205) 254-1999
bfowlkes@maynardnexsen.com

**MCGUIREWOODS LLP**

Abdul K. Kallon (Bar No. 9518L62A)
McGuireWoods LLP
1001 Fourth Avenue, Suite 4368
Seattle, Washington 98154
Telephone: (206) 336-5184
akallon@mcguirewoods.com

**Of Counsel:**

Jason W. Cook (*pro hac vice* to be filed)
Samuel Rappaport (*pro hac vice* to be filed)
McGuireWoods LLP
2601 Olive Street, Suite 2100

Dallas, Texas 75201
Telephone: (214) 932-6418
jcook@mcguirewoods.com
srappaport@mcguirewoods.com

Corinne S. Hockman (*pro hac vice* to be filed)
McGuireWoods LLP
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Telephone: (919) 755-6572
chockman@mcguirewoods.com

Morgan E. Kurst (*pro hac vice* to be filed)
McGuireWoods LLP
888 16th Street NW, Suite 500
Telephone: (202) 857-2454
Washington, District of Columbia 20006
mkurst@mcguirewoods.com

***Counsel for Regions Bank***